IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00088-GPG

ERNEST SELHIME,

      Applicant,

v.

DIVISION OF PAROLE, ALFREDO PENA, JOHN O'DELL, and
ANGEL MEDINA, Warden, Arrowhead Correctional Center,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Ernest Selhime, is in the custody of the Colorado Department of Corrections, at the Arrowhead Correctional Center in Canon City, Colorado.  Mr. Selhime has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  He has paid the $5.00 filing fee.

      The Court construed the allegations of the § 2241 Application liberally because Mr. Selhime is not represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the § 2241 Application will be denied and this action dismissed.

      Mr. Selhime alleges in the Application that he has served 17 years of his 30-year sentence without being paroled.   He further alleges that convicted sex offenders at Arrowhead Correctional Center are paroled within five to nine years of commencing

their sentences.  Applicant complains that although he has taken the same classes and completed the same programs as the sex offenders who are paroled, he has been treated more harshly.  Mr. Selhime asserts that because he has met each of the criteria for parole, he is being discriminated against in the denial of parole.   For relief, Applicant asks that he "be given a real reason why sex offenders get parole over non-sex offenders in the Colorado Division of Parole."  (ECF No. 1 at 10).

Habeas corpus review is available under § 2241 if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district court where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).

The allegations of the Application fail to show that Mr. Selhime's custody violates the Constitution.

## I.    Due Process

The Fourteenth Amendment Due Process Clause protects against governmental deprivation of life, liberty or property without due process of law.  U.S. CONST.  amend. XIV.  Consequently, to prevail on a due process claim, Mr. Selhime must demonstrate the existence of a liberty interest. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994).  A liberty interest may arise from either the Due Process Clause or from state or federal law. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir.1998).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). *See also White v. Kelly*, 82 F.Supp.2d 1184, 1190 (10th Cir.2000) (no constitutionally protected liberty interest in parole); *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir.1992) ("Parole is a privilege; there is no constitutional or inherent right to parole.").

A state may provide a statutory liberty interest through the use of mandatory language in its parole statute, which limits the parole board's discretion or creates a presumption of release. *Greenholtz*, 442 U.S. at 7 (interpreting Nebraska statute to mandate parole unless one of several enumerated conditions applied). *See also Board of Pardons v. Allen*, 482 U.S. 369 (1987) (similarly interpreting Montana statute to create a liberty interest in parole); *Straley v. Utah Bd. of Pardons,* 582 F.3d 1208, 1214 (10th Cir.2009) (stating that a "liberty interest in parole arises under state law only when a prisoner has a legitimate claim of entitlement to it," and "the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest.").

In Colorado, the Parole Board's decision to grant or deny parole is discretionary for prisoners serving sentences for crimes committed on or after July 1, 1985. *See Childs v. Werholtz*, No. 13-1045, 516 F. App'x 708, 709 (10th Cir. June 20, 2013) (unpublished) (citing *Mulberry v. Neal,* 96 F.Supp.2d 1149, 1150 (D.Colo.2000), in turn citing *Thiret v. Kautzky,* 729 P.2d 801, 805 (Colo.1990); *see also* COLO. REV. STAT. § 17–22.5–303(6) (2015). Mr. Selhime is serving a sentence for crimes committed after July 1, 1985. (*See* ECF No. 1 at 11). As such, the Colorado Parole Board's decision is

3

discretionary under state law and his due process claim fails for lack of a constitutionally protected liberty interest.

## II.     Equal Protection

The Equal Protection Clause is violated when similarly situated individuals are treated differently and the discrimination is based on a suspect or quasi-suspect classification, such as race, or is not rationally related to a legitimate government interest. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439-40 (1985) (interpreting the Fourteenth Amendment); *Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) (same).

Mr. Selhime has attached to his Complaint a Notice of Colorado Parole Board Action, dated July 7, 2015, which states that he was convicted in Jefferson County District Court Case No. 99CR328 of second degree murder and first degree arson. (ECF No. 1 at 11).  As such, Mr. Selhime is not similarly situated to inmates who committed sex offenses.  *See Haines v. Archuletta*, Case No. 13-cv-01897-PAB-KLM, 2013 WL 6658767, at *5 (D. Colo. Dec. 17, 2013). *See also People v. Oglethorpe,* 87 P.3d 129, 134-35 (Colo. App. 2003) (holding that sex offenders and non-sex offenders are subject to different parole laws and are not similarly situated).

Further, even if Applicant could demonstrate that he is similarly situated to sex offenders, he does not allege that he is a member of a suspect or quasi-suspect classification.  Therefore, any difference in treatment between him and other inmates regarding parole is reviewed under the rational basis standard.  The stated reason for denying Mr. Selhime parole is the "Severity/Circumstances of Offense."   Even if he has been an exemplary prisoner, his offense conduct is a reasonable basis on which to

deny parole.  *See Schuemann v. Colo. State Bd. of Parole,* 624 F.2d 172, 174 (10th Cir.1980) (although the parole board's explanation in the notice of action is terse, there is no question that the nature of the crimes committed and the potential danger an inmate poses are proper factors for consideration by the parole board). *See also Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir.1994) (inmates may be classified differently because of "slight differences in their histories . . . [or] because some still seem to present more risk of future misconduct than others."). Mr. Selhime thus cannot demonstrate a violation of his Fourteenth Amendment equal protection rights. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed by Applicant, Ernest Selhime, is DENIED and this action is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Selhime has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Selhime files a notice of appeal

he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

.

      DATED March 8, 2016, at Denver, Colorado.

                        BY THE COURT:


                          s/Lewis T. Babcock
                        LEWIS T. BABCOCK, Senior Judge
                        United States District Court